Mabio Pittoni, J.
This proceeding is pursuant to a writ of habeas corpus issued out of the Supreme Court, Appellate Division, Second Department, and commanding the Warden of the Nassau County Jail to bring the petitioner before me, in Special Term, for a hearing based on the petitioner’s contention of illegal detention.
When the matter was heard on March 16, 1961, the petitioner was represented by assigned counsel. He was an attorney previously assigned to represent the petitioner in the County Court in respect to the burglary indictment under which he is now held.
This is only one of the many and varied applications that this veteran petitioner has made. In fact, in open court, he stated that he prepared this last petition, a very lawyer-like document, from memory and from his studies in other institutions such as Bikers Island, Sing Sing and Dannemora. Be that as it may, and regardless of his rather unsavory background, he is entitled to the same constitutional protection as the purest innocent.
The petitioner contends that his arrest was illegal, that there was an undue delay in arraignment, that a statement signed by blm was coerced by threats, intimidation and force, that his person was illegally searched while under arrest and articles were improperly taken from him, and that these elements made his present detention illegal even though he has since been indicted by a Brand Jury for the crime of burglary in the third degree.
A burglary was committed on January 6, 1961; and the petitioner was arrested on January 8, 1961, a Sunday, between 10:30 a.m. and 11:00 a.m., by a Nassau County detective, without a warrant, but on reasonable cause to believe that a felony of burglary had been committed by the petitioner. The petitioner was first brought to the Sixth Precinct Station, and was then brought to Police Headquarters, Mineóla, New York. During that time he gave a signed statement, which he now claims was *643 coerced by threats and intimidation. The following morning, on a Monday, at or about 10:00 a.m., he was arraigned before Hon. Lyman D. Haul, a District Court Judge, sitting as a committing magistrate. On January 23, 1961, the petitioner was duly indicted by the Grand Jury for the crime of burglary; and it is pursuant to this indictment that he is now held in the Nassau County Jail.
1. The petitioner’s first contention, that his arrest was illegal, has not been sustained. His mere allegation that he was illegally arrested without a warrant, with nothing more being stated, is not sufficient to sustain his burden of proof on the issue; he states no facts. On the other hand, the People show that a burglary was committed, that investigation conducted the following day, a Saturday, pointed toward the petitioner, that further investigation carried on into Sunday established his whereabouts, and that this led to his arrest Sunday morning. Thus, his arrest was legal, even without a warrant, because £ £ A peace officer may, without a warrant, arrest a person, * * * 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it ”. (Code Crim. Pro., § 177.)
2. The next contention is that there was undue delay in arraignment. The arrest was made on Sunday morning, between 10:30 a.m. and 11:00 a.m. ; he was brought to the nearest police station house for the usual processing of an arrested person ; and he was then brought to Nassau County Police Headquarters in Mineóla, Long Island, for interrogation. It is within reasonable police procedure to hold the accused during this time for some preliminary questioning, identification,, finger-printing, and procuring of his previous record in order to present the necessary facts at the arraignment and for the determination of bail. There is nothing to show that a Magistrate was available on Sunday afternoon; and it has been established that the petitioner was arraigned at the first reasonable opportunity on Monday, at 10:00 a.m., before a District Court Judge. Thus, there was no unnecessary or unreasonable delay in arraignment (Code Crim. Pro., § 165). Anyway, any delay in arraignment would have no bearing or relevancy on the issue of the present detention.
3. The contention that a signed statement was wrought or coerced from him by threats, intimidation and force is also without merit in this proceeding. The petitioner has neither alleged nor shown any connection between the statement, the indictment, and the present detention. Anyway, under New York law, the place to raise that contention is during the trial when the *644 question of a voluntary or coerced confession is in issue, if the confession is offered against him (Stein v. New York, 346 U. S. 156; People v. Leyra, 302 N. Y. 353).
4. The petitioner’s bare statement that while under arrest his person was illegally searched and that personal papers were taken from his person is not in anyway connected with his present detention. Be that as it may, the time and place to raise that issue is at the trial, if those articles are offered against him (Richardson, Evidence [8th ed.], § 143), or in other proceedings available for the return of the articles; but. not in this habeas corpus proceeding.
5. The last and most important contention, that the alleged illegal arrest, undue delay in arraignment and other alleged illegalities made his present detention illegal even though he has since been indicted for burglary, is also without merit. Assuming, for the sake of argument, that the petitioner’s positions were correct on the prior contentions, it is still horn-book law that ‘ ‘ In addition, and notwithstanding the right of the court, on habeas corpus, to go behind a warrant of arrest or commitment * * * it is too late, after an indictment or information has been duly filed in the proper court, to attack the commitment by the magistrate. The sufficiency of the evidence upon which a defendant was held by a committing magistrate is no longer a proper object of scrutiny, for there is a new basis of jurisdiction” (21 Carmody-Wait, New York Practice, § 57, p. 77); and “ When the prisoner is held to answer an indictment, generally the only question which can be raised is the jurisdiction of the court in which the indictment was found ” (21 Carmody-Wait, New York Practice, § 57, p. 75); and in such a case, ‘ ‘ Unless there is a total lack of jurisdiction in the court to hold or to bring the defendant to trial on the indictment or information, the situation is not within the purview of the writ.” (21 Carmody-Wait, New York Practice, § 57, p. 77.) Nor does the Federal Constitution assist the petitioner. Assuming the merit of his prior contentions, there is nothing in the Constitution that will free an accused, rightfully indicted or convicted, merely because he may have been brought to trial against his will or even by illegal means (Frisbie v. Collins, 342 U. S. 519, 522). Thus, the petitioner’s contention of illegal detention after indictment is also without merit.
Enough has been said to demonstrate to this veteran petitioner that the issues which he has raised, although clearly spurious, have been fully considered, and that he should avail himself of his right to trial without further self-caused delay. The petition is disallowed and the writ is denied.