John J. Walsh, J.
Defendant was apprehended and brought to the Utica City Court on October 6, 1959. He was indicted by the January 1960 Grand Jury on two counts of burglary in the third degree and two counts of grand larceny in the second degree.
The District Attorney on February 9, 1960 filed an information charging defendant with being a second felony offender. He was duly sentenced on February 26,1960 to a term of not less than 5 nor more than 8 years.
The sole complaint of the defendant is that there was no jurisdiction in the committing Magistrate to arraign the defendant in the Utica City Court. As a result, defendant claims that every subsequent proceeding became illegal, void and a nullity.
*890 The specific basis of the objection is that the committing Magistrate lacked jurisdiction because the warrant of arrest fails to show the Magistrate’s signature thereon and a City Court Clerk possesses no authority to issue a warrant. In this respect, defendant is in error. Section 23 of the Utica City Court Act (L. 1882, ch. 103, as amd. by L. 1934, ch. 62) gives the Chief Clerk and Deputy Clerks of that court power ' ‘ to take depositions and informations and to issue warrants thereon ”.
The answering affidavit of the District Attorney is as follows: “ An examination of the file in the matter does not reveal that a warrant was ever issued and a search of the City Court records does not reveal such a warrant.”
When an arrest is properly made without a warrant and the defendant is brought before a Justice, there is no necessity then for issuing a warrant (People v. Chambers, 189 Misc. 502; People ex rel. Taylor v. Ramsden, 27 Misc. 2d 641).
The City Court of Utica acquired jurisdiction of the person of the defendant regardless of the legality of the arrest (People v. Baxter, 178 Misc. 625 [1942]).
It is not the function of coram nobis to determine if the defendant was brought properly into the jurisdiction of the court. In a criminal proceeding, how the defendant came or was brought into court is relatively unimportant.
A claim that a defendant was unlawfully arrested is not available on a coram nobis application. (People v. Graves, 13 A D 2d 821; People v. Vaughn, 13 A D 2d 810; People v. Nicholson, 15 A D 2d 613; People v. Fairfield, 16 A D 2d 992.)
This motion can be resolved without a hearing as a sole question of law. Motion is in all respects denied.