453 P.2d 593

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry Don ROGERS, Defendant-Appellant.

No. 248.

Court of Appeals of New Mexico.

April 4, 1969.

Michael T. Garrett, Clovis, for appellant.

James A. Maloney, Atty. Gen., Ray Shollenbarger, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

The appeal concerns (1) the refusal of a witness to answer during cross-examination and (2) inconsistent verdicts.

The jury convicted defendant of unlawfully taking a vehicle contrary to § 64–9–4, N.M.S.A.1953 (Repl.Vol. 9, pt. 2). Defendant was acquitted of three burglary charges.

An acquaintance of defendant, Alan Costa, was called as a witness by the State. On direct examination Costa testified that he had pled guilty to each of the four charges on which defendant was tried. Costa then identified a statement that he had signed. Defendant stipulated that the statement could be introduced "* * * as an exhibit that was given voluntarily by the defendant [Costa] * * *." The statement was read to the jury. The State asked no more questions on direct examination.

*Refusal to answer during cross-examination.*

On cross-examination Costa was asked if his statement was true. He refused to answer until advised by counsel. Upon inquiry by the court it appeared that Costa sought to invoke his privilege against self-incrimination. The trial court ruled that he was already incriminated by his plea of guilty and directed Costa to answer. When Costa refused to answer additional questions he was held in contempt of court. The questions which Costa refused to answer concerned the truth of Costa's statement.

Defendant had a right to cross-examine Costa under his constitutional right of confrontation. State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960); State v. Martin, 53 N.M. 413, 209 P.2d 525 (1949).

**232**

The questions that Costa refused to answer did not concern collateral issues; the questions went to the truth of his direct testimony. See Coil v. United States, 343 F.2d 573 (8th Cir. 1965), cert. denied 382 U.S. 821, 86 S.Ct. 48, 15 L.Ed.2d 67 (1965); United States v. Smith, 342 F.2d 525 (4th Cir. 1965), cert. denied 381 U.S. 913, 85 S.Ct. 1535, 14 L.Ed.2d 434 (1965); Smith v. United States, 331 F.2d 265 (8th Cir. 1964), cert. denied 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34 (1964); United States v. Cardillo, 316 F.2d 606 (2nd Cir. 1963), cert. denied 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963); Board of Trustees of Mt. San Antonio Jr. Col. Dist. v. Hartman, 246 Cal.App.2d 756, 55 Cal.Rptr. 144 (1966).

Because of Costa's refusal to answer concerning the truth of his direct testimony, the opportunity for probing and testing his statement has failed. The effect is a loss of defendant's right of cross-examination. At the least, Costa's statement was subject to a motion to strike. United States v. Cardillo, supra; Stephan v. United States, 133 F.2d 87 (6th Cir. 1943), cert. denied 318 U.S. 781, 63 S.Ct. 858, 87 L.Ed. 1148 (1943); see People v. Barthel, 231 Cal.App.2d 827, 42 Cal.Rptr. 290 (1965).

Defendant did not move to strike the statement, nor did he attack the evidence by motions at the close of either the State or the defendant's case. He did object when the officer who took the statement was testifying concerning his investigation. However, this objection went to the "* * proper predicate. * * *" for the officer's testimony and did not attack the statement given by Costa.

No issue was presented to the trial court concerning the right of cross-examination. Accordingly, it is not before us for review unless loss of the right of cross-examination amounts to fundamental error. Compare State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963); State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968).

Defendant claims this loss is fundamental error because the right of cross-

examination is a fundamental right. While the right of cross-examination is a fundamental right, it does not follow that such a fundamental right equates with the concept of fundamental error. As stated in State v. Sanchez, 58 N.M. 77, 265 P.2d 684 (1954):

"* * * There is a difference, however, between such a fundamental right and fundamental error. The latter cannot be waived and is always available to this Court on behalf of the accused. But the theory of fundamental error, * * * is bottomed upon the innocence of the accused or a corruption of actual justice. On the other hand, most rights, however fundamental, may be waived or lost by the accused; * * *."

If, here, there is fundamental error, it is not because of the loss of the fundamental right of cross-examination. Fundamental error is a doctrine resorted to in a criminal case only if the innocence of the defendant appears indisputable or the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand. State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967).

Defendant stipulated that Costa's statement was voluntary and that it could be admitted as evidence. At least part of the statement is supported by other evidence. Some tools were recovered from the place the statement said the tools had been hidden. There is evidence that defendant was with Costa on the night of the crime and was with him in the car that had been unlawfully taken. Thus, the innocence of defendant is not undisputable. It does not shock the conscience to permit the conviction to stand.

Admittedly, the evidence which explicitly implicated defendant was Costa's statement. If defendant had raised the issue concerning loss of the right of cross-examination, the trial court could have, at the least, withdrawn the statement from the jury. The situation of which defendant complains, then, is a failure to present the issue to the trial court. This is not

fundamental error. Compare State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967) cert. denied 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed. 2d 668 (1968); State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App.1968).

*Inconsistent verdicts.*

Costa's statement identified defendant as a co-perpetrator of each of the four charges. Defendant asserts the jury verdicts are inconsistent since he was convicted of violating § 64–9–4, supra, and acquitted of the three burglary charges. Defendant contends that his conviction should be reversed because of this inconsistency.

Coil v. United States, supra, states:

"* * * The mere fact that the jury saw fit to acquit the defendant on one count of the indictment cannot be construed as effectuating a determination of the factual issues under another count even though the same evidence is offered in support of both counts of the indictment. * * *"

■ We may only speculate as to the jury's reasons for acquitting defendant on the burglary charges. State v. Leyba, 80 N.M. 190, 453 P.2d 211 (Ct.App.), decided March 21, 1969. Since the reason for the acquittals is speculative, the acquittals, even though irreconcilable with the conviction, do not require the conviction to be set aside as a matter of law. State v. Leyba, supra.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.