465 P.2d 518

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Thomas HALSELL, Defendant-Appellant.**

**No. 421.**

Court of Appeals of New Mexico.

Feb. 13, 1970.

Norman E. Runyan, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Robert J. Young, Asst. Atty. Gen., for appellee.

OPINION

OMAN, Judge.

On March 20, 1969, defendant was charged in magistrate court with larceny of a calf. A warrant was issued for his arrest, and he was arrested pursuant thereto on March 20.

He was given a preliminary hearing on April 2, and was bound over to the district court. An information was filed in the district court on April 7, charging him with larceny of a calf contrary to the provisions of § 40A–16–1, N.M.S.A.1953 (Repl. Vol. 6).

On May 26, he filed a motion in the district court, asking the court to quash the criminal complaint, arrest warrant, and information, and to discharge him. The motion was predicated on the ground that the warrant was issued in violation of the provisions of Art. II, § 10, Constitution of New Mexico, and § 41–1–2, N.M.S.A.1953 (Repl. Vol. 6). Because of the asserted violations, defendant claimed he was entitled to be discharged under § 41–1–3, N.M.S.A.1953 (Repl. Vol. 6). The court denied the motion.

Defendant requested that he be permitted to appear for arraignment in district court on June 10, just before trial, and this procedure was apparently followed. Defendant was found guilty as charged, judgment was entered on the verdict, and sentence imposed.

Defendant's position here is that the trial court erred in denying his motion, and, therefore, we should reverse and order his discharge.

The position of defendant is not sustainable. He is not in custody pursuant to the warrant, but is now confined pursuant to his conviction and the sentence entered thereon. Even if it be conceded that the warrant was unlawfully issued, and his arrest illegal, his conviction is not thereby rendered void. As stated in United States ex rel. Orsini v. Reincke, 286 F.Supp. 974 (D.Conn.1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969), which was a habeas corpus proceeding, defendant may have a remedy for his unlawful arrest, but he is not entitled to a bonus in the form of freedom from responsibility for his violation of the criminal law.

The courts of this and many other jurisdictions have—in direct appeals, habeas corpus proceedings, and post-conviction proceedings—repeatedly held that the jurisdiction of a court to try a person accused of crime, or to accept his plea of guilty, is not divested, nor his conviction vitiated, because his arrest was irregular or unlawful. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968); State v. Losolla, 79 N.M. 296, 442 P.2d 786 (1968); State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966); State v. Barreras, 64 N.M. 300, 328 P.2d 74 (1958); State v. Wise, 58 N.M. 164, 267 P.2d 992 (1954); Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App.1969); Sewell v. United States, 406 F.2d 1289 (8th Cir. 1969); Roddy v. United States, 296 F.2d 9 (10th Cir. 1961); Holloway v. State, 38 Ala.App. 501, 88 So.2d 700 (1956); People v. Jones, 205 Cal.App.2d 460, 23 Cal.Rptr. 418 (1962); De Baca v. Trujillo, 447 P.2d 533 (Colo.1968); Baier v. State, 197 Kan. 602, 419 P.2d 865 (1966); State v. Cook, 194 Kan. 495, 399 P.2d 835 (1965); Watson v. State, 6 Md.App. 134, 250 A.2d 311 (1969); State v. Sutton, 244 N.C. 679, 94 S.E.2d 797 (1956); Wells v. Maxwell, 174 Ohio St. 198, 188 N.E.2d 160, 22 Ohio Op.2d 147 (1963); Goodwin v. Page, 444 P.2d 833 (Okla.Crim.1968); State v. Blanchey, 454 P.2d 841 (Wash.1969); Crouse v. State, 384 P.2d 321 (Wyo.1963). See also, 4 Anderson, Wharton's Criminal Law and Procedure § 1484 at 43 (1957); Annot., 56 A.L.R. 260 (1928) and cases cited therein.

Defendant relies upon Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967); State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969).

The Spinelli and Aguilar cases involve the execution of unlawful search warrants. What was said therein, as to probable cause for the issuance of a warrant, would have bearing on the question of the legality of the arrest warrant in the present case, if it

were not for the fact that we have conceded for the purpose of this opinion that the arrest warrant was improperly issued, and the arrest thereunder unlawful. As above stated, this does not operate to make his conviction invalid. He was properly before the court under the information filed against him and his plea thereto, and there is no contention made that he did not receive a fair trial, or that the verdict of guilty upon which his conviction was entered was not supported by the evidence. The convictions of Spinelli and Aguilar were reversed because illegally seized evidence was improperly offered and received against them in their trials.

The Giordenello case involved an illegally issued arrest warrant, an unlawful arrest thereunder, and an unlawful seizure of heroin incident to the arrest. The heroin was improperly admitted into evidence against him at his trial, and it was because of this that his conviction was reversed. In Crouse v. State, supra, a case very much like that now before us, the Supreme Court of Wyoming had the following to say in distinguishing the Giordenello case from the effect of an illegal arrest upon a judgment of conviction:

"There is considerable to distinguish Giordenello from the present case. To start with, the issue there was the suppression of contraband evidence seized incident to an arrest. Therefore, as the arrest was made upon a warrant issued without probable cause, the admissibility of the contraband depended upon the legality of the warrant. Here the issue is whether a verdict and judgment of conviction should be set aside, and the defendant's guilt or innocence does not depend upon the legality of the warrant issued, but upon whether she had a fair trial. On the other hand, the fairness of Giordenello's trial depended upon the admissibility of the challenged evidence. The manner of defendant's apprehension had nothing to do with her guilt or innocence. The illegality of an arrest warrant only affects the lawfulness of the taking into custody; it does not affect the question of guilt or innocence. In consequence, unless an unlawful apprehension is held to deprive a trial court of jurisdiction to try and convict for a criminal offense, any irregularity or insufficiency in the issuance of the arrest warrant will not do so. People v. Smith, 36 Misc.2d 889, 233 N.Y.S.2d 164, 165, said, 'In a criminal proceeding, how the defendant came or was brought into court is relatively unimportant,' and held jurisdiction was acquired regardless of the legality of arrest."

The Deltenre case involved the validity of a conviction. Marijuana, seized incident to an arrest without a warrant, was received into evidence at the trial. A search warrant had been issued, but the court stated it was obviously void. The court did discuss the matter of what is required to constitute probable cause for the issuance of a search warrant, but, as already stated, the validity of the arrest warrant in the present case is not a determining issue.

The Lewis case involved, among other issues, an illegal search warrant, the seizure of marijuana thereunder, and the improper admission into evidence of this marijuana. The case was reversed and remanded for a new trial because of the error in admitting this illegally seized evidence. The matter of the validity of the search warrant was an issue in the case, but, as repeatedly stated above, the validity or invalidity of the arrest warrant in the present case is not determinative of the legality of defendant's conviction.

The judgment of conviction and the sentence imposed pursuant thereto should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.