472 P.2d 651

STATE of New Mexico, Plaintiff-Appellee,

v.

Candelario BACA, Defendant-Appellant.

No. 410.

Court of Appeals of New Mexico.

May 28, 1970.

Rehearing Denied June 22, 1970.

Certiorari Denied July 20, 1970.

Heister H. Drum, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James V. Noble, Justin Reid, Asst. Attys. Gen., for appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted of the illegal sale of morphine. Section 54–7–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). He raises four points for reversal. We affirm.

1. "THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE ACTION ON THE GROUND THAT THE WARRANT WAS ISSUED ON AN INVALID COMPLAINT AND, THEREFORE[,] THE COURT DID NOT HAVE JURISDICTION TO TRY THE DEFENDANT ON THE SUBJECT CHARGES."

On oral argument, defendant conceded that State v. Halsell, 81 N.M. 239, 465 P.2d 518 (Ct.App.1970), decided after the submission of briefs here, is dispositive. We agree.

2. "THE COURT ERRED IN REFUSING TO HONOR DEFENDANT'S AFFIDAVIT OF DISQUALIFICATION, FILED ON 8 MAY 1969, DISQUALIFYING A TRIAL JUDGE OTHER THAN THE JUDGE DESIGNATED TO PRESIDE AT THE TRIAL WHEN THE SUBJECT TERM OF COURT COMMENCED."

The trial was set for March 27, 1969 before Judge Larrazolo. On March 19, 1969 defendant moved for a continuance of the trial setting. The trial was rescheduled before Judge Fowlie for April 3, 1969. That scheduled trial was not held and on April 24, 1969 a Notice of Jury Trial was filed with the court clerk rescheduling the case before Judge Swope for May 13, 1969. On May 8, 1969 defendant filed an affidavit of disqualification directed to Judge Swope. On the morning of May 13, 1969, before trial, arguments were heard on the affidavit of disqualification, and Judge Swope refused to honor the affidavit.

Defendant contends that he had a right to disqualify a judge under § 21–5–8, N.M. S.A.1953 (Supp.1969). He claims that the argument in his motion "anticipated the reasoning and decision" in Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969). Defendant relies on that part of *Beall* which states:

"* * * a party needs to know the name of the judge before whom the case is to be tried and needs that information early in the litigation. This knowledge is needed so that a party has opportunity to exercise his right under § 21–5–8, supra, (a) before the judge before whom the case is to be tried has exercised his jurisdiction, and (b) within the time provided by § 21–5–9, N.M.S.A.1953."

■ We fail to see how the quoted language aids the defendant. His attempt to disqualify did not comply with the requirements of § 21–5–9, N.M.S.A. (1953). That section requires that the affidavit must be filed not less than ten days before the beginning of the term of court. The term

of court began March 17, 1969. Defendant did not exercise his right to a provisional affidavit. See Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531 (1951). Not having taken precaution to preserve his right, defendant cannot now complain.

3. "THE TRIAL JUDGE ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS AT THE CLOSE OF THE STATE'S CASE, ON THE INSUFFICIENCY OF THE CHEMIST'S TESTIMONY IDENTIFYING THE ALLEGED UNLAWFUL SUBSTANCE TO BE MORPHINE, AND IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT, BASED ON THE SAME GROUNDS."

Defendant's contention on appeal goes both to the sufficiency of identification and the right to cross-examination.

*Sufficiency of identification.*

The State's expert witness was a chemist. He was qualified as an expert without objection. On direct examination he testified that he analyzed the powder given him by the officers according to standard tests and found the substance to be morphine.

On cross-examination he explained that he did not remember specifically which tests he used. He nevertheless concluded:

"I know the tests which are ran [sic], and which were ran [sic], gave colors which indicate morphine. I know what those colors are."

Although he did not remember how many different tests he conducted, he testified: "I know I ran enough of them to determine it was morphine." He had no notation with him on the stand but he had independent recollection that " * * * at the time I concluded it was morphine."

■ This was sufficient identification that the substance sold by defendant was morphine. Compare Brooks v. State, 438 P.2d 25 (Okl.Crim.1968).

*Right to cross-examination.*

The issue of the lack of opportunity for cross-examination is raised for the first time on appeal. At trial, after questioning the State's expert witness on the nature and number of tests used, counsel for defendant ended his cross-examination with a "Thank you." No desire for more complete answers was even suggested.

Because this issue is not jurisdictional nor involves fundamental error it may not be raised for the first time on appeal. State v. Rogers, 80 N.M. 230, 453 P. 2d 593 (Ct.App.1969). It is therefore not properly before us for review.

Assuming, however, that it was properly before us we fail to see any merit in defendant's contention. He cites State v. Martin, 53 N.M. 413, 209 P.2d 525 (1949) for the proposition that "cross-examination cannot be so restricted as to wholly deprive a party of the opportunity to test the credibility of a witness," and contends that in this case "[a]s a practical matter the witness refused to be subjected to cross-examination."

As pointed out above, the record does not support this contention. The defense politely ended its cross-examination of the State's expert witness. Nothing in the witness's answers indicated the least reluctance. The many cases defendant cites, in which witnesses refused to be cross-examined, are not in point. As we view the record, this question was not raised because there was no occasion to raise it. On its merits this contention must fail.

4. "THE TRIAL JUDGE ERRED IN OVERRULING DEFENDANT'S OBJECTIONS TO CROSS-EXAMINATION OF DEFENDANT ON ALLEGED OFFENSES, OTHER THAN PRIOR CONVICTIONS, IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL, ON THE SAME GROUNDS, AND IN LIKEWISE DENYING DEFENDANT'S MOTION FOR A NEW TRIAL, IN THAT UNDER THE CIRCUMSTANCES SUCH CROSS-EXAMINATION, AND CONCURRENT STATEMENTS BY THE PROSECUTOR, WAS HIGHLY PREJUDICIAL TO THE DEFENDANT, AND THE TRIAL JUDGE FAILED TO PROPERLY BALANCE THE PROBATIVE VALUE OF SUCH CROSS-EXAMINATION AGAINST ITS ILLEGITIMATE TENDENCY TO PREJUDICE."

 On direct examination defendant testified that he had been using narcotics for some time. On cross-examination he admitted that he sometimes stole to support his habit. The prosecutor continued his cross-examination to the extent of asking defendant whether he and two of his friends had stolen a television from Glen Valentine who was paralyzed in bed. Cross-examination extends to matters that may modify, supplement, contradict, rebut or make clear facts testified to by a witness. State v. Baca, 80 N.M. 488, 458 P.2d 92 (Ct.App.1969); State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968). Under § 20–2–4, N.M.S.A.1953 questioning as to specific acts of misconduct is proper cross-examination. State v. Torres, (Ct.App.) 81 N.M. 521, 469 P.2d 166 decided January 30, 1970.

 Defendant contends that the trial court abused its discretion in failing to properly balance the probative value of the cross-examination against its tendency to be prejudicial. See State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941); State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969); State v. Waller, 80 N.M. 380, 456 P.2d 213 (Ct.App.1969). We disagree. The primary responsibility in this weighing process is on the trial court and the court's determination will not be disturbed on appeal unless the judge's action was erroneous, arbitrary and unwarranted. State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969).

 The record indicates the trial court suspected that some of the answers elicited

on cross-examination, though permissible, might have been unduly prejudicial, and ordered the jury to disregard "testimony concerning the television and Mr. Valentine." Such admonition rebuts any suggestion that the trial judge failed in his responsibility of weighing legitimate probative value on credibility versus illegitimate tendency to prejudice. If the testimony in this regard was indeed prejudicial it was cured by the admonition to the jury to disregard the specific acts complained about. State v. Torres, supra; State v. McFerran, supra.

Affirmed.

It is so ordered.

SPEISS, C. J., and OMAN, J., concur.