487 P.2d 136

**CITY OF ROSWELL, New Mexico, Plaintiff-Appellee,**

v.

**Ronald R. MARTINEZ, Defendant-Appellant.**

**No. 636.**

Court of Appeals of New Mexico.

May 21, 1971.

Rehearing Denied June 17, 1971.

J. Lee Cathey, Carlsbad, for defendant-appellant.

James B. Stapp, City Atty., Roswell, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted in the municipal court of the City of Roswell of violating an ordinance prohibiting driving of a vehicle while under the influence of intoxicating liquor. He appealed to the District Court and following trial de novo was again convicted of the same offense. The appeal here is from the judgment and sentence of the District Court.

Facts which appear relevant are as follows: one of the city police officers received a radio call from the radio dispatcher informing him that there was a drunk subject in a Plymouth automobile at a particular address within the City of Roswell. The officer proceeded toward the address and observed a Plymouth automobile traveling along the street. The officer stopped the automobile, and, as he did so, the driver (defendant) disembarked from the car. Defendant was then asked to produce his driver's license. As he undertook to comply, the officer concluded from his actions that defendant was intoxicated and placed him under arrest. It appears to be undisputed that, before the car was stopped, the officer had seen no violation of law on defendant's part, and that he had no warrant for defendant's arrest.

Defendant asserts that the trial court was without jurisdiction to try him because the arrest was illegal. It is his position that the arrest occurred at the time his automobile was stopped by the officer. Assuming that the arrest did occur at the time the car was stopped, which we do not decide, the contention that the trial court lacked jurisdiction because the arrest was illegal we believe was answered contrary to defendant's position in State v. Halsell, 81 N.M. 239, 465 P.2d 518 (Ct.App. 1970), wherein the following statement appears from substantial authority.

"The courts of this and many other jurisdictions have—in direct appeals, habeas corpus proceedings, and post-conviction proceedings—repeatedly held that the jurisdiction of a court to try a person accused of crime, or to accept his plea of guilty, is not divested, nor his conviction vitiated, because his arrest was irregular or unlawful."

Defendant further contends that the sentence imposed by the District Court was improper. We agree. Following the trial in the municipal court defendant was sentenced to pay a fine of $175.00. The District Court, upon finding defendant guilty, imposed a fine of $250.00, which latter fine, in our opinion, exceeds the limit authorized by § 38-1-11, N.M.S.A. 1953, (Rpl.Vol. 6, 1969 Supp.). The material portion of this statute follows:

"If the judgment of the municipal court in the action is affirmed or rendered against the defendant on appeal, the district court shall enter judgment imposing the same or a lesser penalty as that imposed in the municipal court in the action."

We affirm the conviction but remand with directions to set aside the sentence imposed by the District Court and re-sentence defendant in conformity with the provisions of the statute to which we have referred.

It is so ordered.

WOOD and HENDLEY, JJ., concur.