This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                          **No. 30,486**

**EUSTAQUIO OLIVAS, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Convicted of shooting from a motor vehicle, conspiracy to commit shooting from a motor vehicle, tampering with evidence, and possession of marijuana, Defendant appeals.

Defendant raises six issues: (1) whether the traffic stop was pretextual in nature; (2) whether the jury instruction for tampering with evidence was fundamentally erroneous in allowing the jury to find Defendant guilty under alternative theories; (3) whether the language used in the jury instruction for tampering with evidence constructively amended the indictment; (4) whether sufficient evidence was presented at trial to support Defendant's conviction for tampering with evidence; (5) whether sufficient evidence was presented at trial to support Defendant's conviction for shooting from a motor vehicle; and (6) whether the disparity between Defendant's sentence and his co-defendant's sentence was an abuse of discretion by the district court. Finding these arguments unpersuasive for the reasons below, we affirm.

**BACKGROUND**

At approximately 3:45 a.m., gunshots were reported at an apartment complex in Las Cruces, New Mexico. While driving towards the area, Officer Ramiro Rivera observed a vehicle traveling at a very high rate of speed away from the complex on a road with "[l]ittle to no traffic at all." Officer Rivera radioed Officers Amador

2

Martinez and John Rubio and asked them "if they could stop the vehicle to find out where they were coming." Shortly after the officers began to follow the vehicle, the driver made a quick turn onto a residential road, traveling a short distance before abruptly coming to a stop in front of a residence. The officers had not activated their lights or sirens or otherwise signaled to the driver to pull over. The driver, Defendant, and his passenger, Joel Calderon, were detained and later arrested. A rifle and a handgun involved in the shooting at the apartment complex were respectively found under a jacket in the back seat of the vehicle and on a driveway across the street from where the vehicle stopped.

**DISCUSSION**

**I.      Pretextual Stop**

Defendant seeks to challenge the validity of the traffic stop that ultimately led to his arrest and convictions on grounds that it was pretextual. In response, the State contends that this matter was not properly preserved for consideration on appeal.

In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. In this specific context, relative to claims of pretext, preservation is routinely required. *See, e.g., Schuster v. N.M. Dep't of Taxation &*

3

*Revenue*, 2012-NMSC-025, ¶¶ 32-33, 283 P.3d 288 (observing that a pretext claim had been adequately preserved); *State v. Scharff*, 2012-NMCA-087, ¶¶ 18-19, 284 P.3d 447 (concluding that a pretext argument was not properly presented where the defendant failed to raise the issue during the suppression hearing, elicited no testimony indicating that the traffic stop was initiated as a pretext, and did not invoke a ruling by the district court on the pretext issue); *State v. Ochoa*, 2009-NMCA-002, ¶ 11, 146 N.M. 32, 206 P.3d 143 (specifically noting that the defendant had adequately preserved his pretext argument, based on the state constitution, for appellate review).

Defendant acknowledges that he advanced no pretext argument before the district court. *See State v. Vargas*, 1996-NMCA-016, ¶ 15, 121 N.M. 316, 910 P.2d 950 (holding that the defendants failed to preserve a pretextual entry issue when they did not request that the district court rule on that issue). Nevertheless, he suggests that the matter falls within the parameters of fundamental error and that we should consider his argument on the merits. We disagree.

This Court may review unpreserved arguments if they involve general public interest, fundamental error, or fundamental rights. Rule 12-216(B) NMRA ("This rule shall not preclude the appellate court from considering . . . in its discretion . . . questions involving fundamental error or fundamental rights of a party."). However,

"[f]undamental error will only be involved to prevent a plain miscarriage of justice where the defendant has been deprived of rights essential to the defense." *State v. Jaramillo*, 85 N.M. 19, 20, 508 P.2d 1316, 1317 (Ct. App. 1973). It is an exception that is only sparingly exercised under extraordinary circumstances. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error is only exercised to correct injustices that shock the conscious of the court, such as where a defendant is indisputably innocent or where a mistake in the process makes the conviction fundamentally unfair regardless of the defendant's guilt).

Defendant asserts that his right to privacy and freedom from unreasonable searches compels appellate review of his unpreserved pretextual stop argument. We agree that Defendant's argument regarding the legality of the traffic stop implicates a fundamental right. *See State v. Gutierrez*, 2005-NMCA-015, ¶ 21, 136 N.M. 779, 105 P.3d 332 ("Questions concerning the constitutionality of a search and seizure are questions concerning fundamental rights of a party, including the right to be free of illegal searches and seizures."). However, New Mexico courts have long recognized that fundamental error is not necessarily established merely because a fundamental right is implicated. *See State v. Silva*, 2008-NMSC-051, ¶ 15, 144 N.M. 815, 192 P.3d 1192 ("We start by recognizing that the loss of the fundamental right to cross-examine

5

is not necessarily fundamental error."); *State v. Rogers*, 80 N.M. 230, 232, 453 P.2d 593, 595 (Ct. App. 1969) (recognizing that "it does not follow that . . . a fundamental right equates with the concept of fundamental error").

Defendant further argues that we have declined to review an unpreserved error involving a fundamental right only where there was an intentional waiver of the right by deliberate gamesmanship of a party in the district court. However, we routinely decline to hear unpreserved arguments implicating fundamental rights, even when there is no intentional waiver of the argument. *See, e.g., State v. Akers*, 2010-NMCA-103, ¶ 37, 149 N.M. 53, 243 P.3d 757 (declining to address an unpreserved challenge to the validity of the defendant's initial stop and detention by officers); *State v. Winton*, 2010-NMCA-020, ¶ 10, 148 N.M. 75, 229 P.3d 1247 (declining to review a defendant's unpreserved state constitutional search and seizure claim); *State v. Munoz*, 2008-NMCA-090, ¶ 28, 144 N.M. 350, 187 P.3d 696 (declining to review a defendant's unpreserved search and seizure argument under the fundamental right exception).

Defendant also suggests that immediate appellate review of this issue will promote judicial economy, insofar as the issue is "likely [to] resurface" in habeas proceedings. While we recognize that Defendant might prefer immediate appellate review to habeas proceedings, this would not be either efficient or appropriate. For

6

reasons described at greater length below, consideration of Defendant's pretext argument entails a highly fact-specific inquiry. *See Ochoa*, 2009-NMCA-002, ¶¶ 40-42. Because this Court cannot engage in fact finding, any attempt to consider Defendant's argument at this juncture would be fruitless. *See generally State v. Vandenberg*, 2003-NMSC-030, ¶ 18, 134 N.M. 566, 81 P.3d 19 (observing that reviewing courts "do not sit as a trier of fact because the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses" (alteration, internal quotation marks, and citation omitted)).

Finally, Defendant contends that immediate appellate review is appropriate in this case because all of the facts that pertain to the pretext issue were fully developed below. However, the resolution of a pretext claim turns upon the subjective intent or motivation of the officer. *See Ochoa*, 2009-NMCA-002, ¶¶ 39, 42. Insofar as this critical question was not explored or resolved by the district court, we disagree that all of the relevant facts have been properly developed for review on appeal. *See, e.g., Scharff*, 2012-NMCA-087, ¶ 19 (rejecting a claim of pretext where, among other things, the defendant failed to present evidence indicating that the traffic stop was initiated as a pretext).

We therefore conclude that Defendant's pretext claim was not properly preserved for appellate review.

## II. Disjunctive Jury Instruction

Defendant contends that the jury instruction on tampering with evidence was fatally erroneous, "because it allowed the jury to convict under either of two theories without securing unanimity on either one." Defendant acknowledges that he failed to preserve this argument by objecting to the jury instruction. Once again, he urges the Court to consider the merits as fundamental error.

In brief, the disputed instruction permitted the jury to return a guilty verdict if it found that Defendant hid, placed, or attempted to hide either a handgun or a rifle. We perceive no error. "[W]here alternative theories of guilt are put forth under a single charge, jury unanimity is required only as to the verdict, not to any particular theory of guilt." *State v. Godoy*, 2012-NMCA-084, ¶ 6, 284 P.3d. 410, *cert. denied*, 2012-NMCERT-007, ___ P.3d ___. Defendant makes no attempt to address or distinguish either *Godoy* or the precedent upon which it relies. *See State v. Salazar*, 1997-NMSC-044, ¶ 32, 123 N.M. 778, 945 P.2d 996 (finding that the district court properly instructed a jury that "unanimity is not required as to one theory of first degree murder where alternative theories are presented to the jury"); *State v. Nichols*, 2006-NMCA-017, ¶ 16, 139 N.M. 72, 128 P.3d 500 (rejecting a claim of error based on a jury instruction presenting two theories upon which the jury could convict, which were simply alternative means by which the defendant could commit the crime, rather

than distinct elements). Further, both theories presented by the State are adequately supported by the evidence in the record, as discussed later in this opinion. *See Salazar*, 1997-NMSC-044, ¶ 32 (finding that "a jury's general verdict will not be disturbed in such a case where substantial evidence exists in the record supporting at least one of the theories of the crime presented to the jury"). We therefore reject Defendant's second assertion of error.

**III.    Constructive Amendment**

Defendant next argues that his "substantial rights to notice and due process were violated by the constructive amendment of the count of tampering with evidence." Defendant contends that the tampering with evidence instruction resulted in an impermissible constructive amendment of the indictment, contrary to Rule 5-204(C) NMRA.

Again, Defendant made no challenge to the jury instruction. Further, there is no evidence in the record that he raised any argument that the instruction included a new offense not charged in the indictment or that the instruction violated his rights to notice or to adequately prepare a defense. Insofar as this argument was not properly preserved, it is not properly before us. *See State v. Mares*, 61 N.M. 46, 52, 294 P.2d 284, 288 (1956) (declining to consider a defendant's claim that there was a variance between the charge and the proof after finding that the defendant had failed to

9

properly raise the issue before the district court); *State v. Rucker*, 22 N.M. 275, 280, 161 P. 337, 339 (1916) (holding that "[t]he courts generally hold that the question of variance, unless raised in the court below, cannot be reviewed in an appellate court" (internal quotation marks and citation omitted)); *State v. Urioste*, 2011-NMCA-121, ¶¶ 40-41, 267 P.3d 820 (declining to consider a defendant's unpreserved claims of lack of notice and inability to present a defense in determining whether the district court properly allowed the amendment of the indictment), *cert. quashed*, 2012-NMCERT-008.

Defendant also makes no argument on appeal that this argument should be reviewed under any exception to the preservation requirement. *See State v. Joanna V.*, 2003-NMCA-100, ¶ 10, 134 N.M. 232, 75 P.3d 832 ("[W]e will not review the issues . . . because they were not properly preserved and there is no argument on appeal that the exceptions apply."), *aff'd* 2004-NMSC-024, 136 N.M. 40, 94 P.3d 783; *State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (declining to review a party's unpreserved argument when counsel made no argument on appeal regarding the exceptions to the preservation requirement). We also decline to review Defendant's constructive amendment argument.

**IV.    Sufficiency of the Evidence**

Defendant also challenges the sufficiency of the evidence presented in support of his convictions for shooting from a motor vehicle and tampering with evidence.

A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). In doing so, we will "resolve all conflicts and indulge all permissible inferences in favor of upholding the verdict." *Id.* We then determine "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

In order for the jury to have found Defendant guilty of tampering with evidence, the State was required to prove beyond a reasonable doubt that "[D]efendant hid and/or placed a 9mm handgun by throwing it out a car window and/or attempted to hide or secrete a 9mm rifle by covering it with a jacket in the back seat of the car" and that "[D]efendant intended to prevent the apprehension, prosecution or conviction of himself and/or Joel Calderon." *See* UJI 14-2241 NMRA. The jury was also instructed on Defendant's potential culpability as an accomplice. *See* UJI 14-2822 NMRA ("The defendant may be found guilty of a crime even though he himself did not do the acts constituting the crime, if the state proves to your satisfaction beyond a reasonable

doubt that: The defendant intended that the crime be committed; [t]he crime was committed; [and t]he defendant helped, encouraged or caused the crime to be committed.").

Defendant argues that the State failed to prove either his intent to avoid apprehension or an overt act demonstrating this intent. The State responds that circumstantial evidence may be used to prove intent and that the evidence presented was sufficient for a rational trier of fact to conclude either Defendant threw the handgun out of the car window or he encouraged Mr. Calderon to use his jacket to cover the rifle in the back seat of the car.

"When there is no other evidence of the specific intent . . . to disrupt the police investigation, intent is often inferred from an overt act of the defendant." *State v. Duran*, 2006-NMSC-035, ¶ 14, 140 N.M. 94, 140 P.3d 515; *see generally State v. Motes*, 118 N.M. 727, 729, 885 P.2d 648, 650 (1994) ("Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." (internal quotation marks and citation omitted)). Circumstantial evidence may be used to establish the overt act sufficient for an inference of intent to tamper. *Cf. Silva*, 2008-NMSC-051, ¶ 19 (reversing a tampering with evidence conviction where "the [s]tate offered no direct evidence to show that [the d]efendant intended to disrupt the police investigation, nor did it provide any evidence, circumstantial or

otherwise, of an overt act on [the d]efendant's part from which the jury could infer such intent").

The State presented sufficient evidence at trial to prove tampering with evidence and Defendant's intent. This evidence includes testimony that the two officers had begun to follow Defendant after observing him speeding on an empty street early in the morning shortly after gunshots had been heard and that he abruptly came to a stop on the residential road without any signals from the officers to stop his vehicle. Specifically regarding the handgun, the State's witnesses testified that it was found less than four hours after Defendant and Mr. Calderon were arrested, that there were marks on the gun and pavement which indicated the gun had skidded on the ground, that the driver's side of the vehicle faced the side of the street the gun was found on, that the car windows were open, and that the officers had temporarily lost sight of the vehicle as it had turned onto the residential road. As to the rifle, the State presented evidence that Defendant admitted to owning the weapon, that Mr. Calderon wore only a light shirt when he was arrested while Defendant wore a heavy winter coat, that Mr. Calderon was observed looking at and reaching towards the back seat of the car while Defendant drove, and that the rifle was found in the back seat under a jacket. We find that the foregoing constitutes sufficient evidence to support Defendant's conviction for tampering with evidence.

For the charge of shooting from a motor vehicle, the State was required to prove beyond a reasonable doubt that "[D]efendant willfully shot a firearm from a motor vehicle with reckless disregard for another person." UJI 14-342 NMRA. Defendant argues on appeal that the State failed to present sufficient evidence to establish that he shot a firearm and that he was inside the vehicle at the time of the shooting. The State argues that the circumstantial evidence presented was sufficient for a rational trier of fact to conclude that during the shooting, each co-defendant used one of the weapons and that Defendant was located in the driver's seat at the time.

In addition to the evidence summarized above, the State presented evidence that nine of the bullet casings found at the scene of the shooting had been fired from Defendant's rifle in his back seat, while the rest of the bullet casings had been fired from the handgun that was recovered near where Defendant pulled over his car. The eyewitness to the shooting testified he had heard the shots fired in a quick succession with no pause, he had overheard a single car door slam shut, and that the car had started so soon after the sound of the door shutting, he believed there were at least two individuals involved. The State also presented evidence that the driver's side of the vehicle was facing the apartment complex during the shooting and that the front windows of the car were open. This constitutes sufficient evidence to support Defendant's conviction for shooting from a motor vehicle.

14

**V.      Sentence Disparity**

Defendant contends that his sentence should be vacated because the district court abused its discretion in imposing a sentence that was "more than six times the length of Co-Defendant Calderon's sentence even though the State alleged they were equally culpable" and that the sentences of the two co-defendants necessarily should have been for approximately the same amount of time.

Following his sentencing hearing, Defendant filed a motion in the district court, challenging the length of his sentence pursuant to Rule 5-801(B) NMRA.  Defendant then filed notice of appeal with this Court, divesting the district court of jurisdiction to rule on the motion. *See State ex rel. Bell v. Hansen Lumber Co., Inc.*, 86 N.M. 312, 313, 523 P.2d 810, 811 (1974) ("[W]hen an appeal is made from the district court, such court is divested of jurisdiction except for the purpose of perfecting the appeal[.]").  Under the circumstances, Defendant may pursue his Rule 5-801 motion with the district court once we have resolved the present appeal.  *See State v. Neely*, 117 N.M. 707, 708, 876 P.2d 222, 223 (1994) (finding that the district court retains jurisdiction to consider a defendant's Rule 5-801 motion following an appeal on the merits and that the appellate court retains jurisdiction to then review the district court's ruling on the motion).  We therefore decline to consider the merits of

Defendant's Rule 5-801 motion challenging the disparity of his sentence until the district court has had an opportunity to rule on the matter.

**CONCLUSION**

Defendant's convictions are affirmed.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**