2004-NMSC-024

94 P.3d 783

**STATE of New Mexico, Petitioner–Respondent,**

v.

**JOANNA V., a child, Respondent–Petitioner.**

**No. 28,107.**

Supreme Court of New Mexico.

June 8, 2004.

John Bigelow, Chief Public Defender, Trace L. Rabern, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Patricia Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Respondent.

Ann Halter Albuquerque, NM, for Amicus Curiae Advocacy, Inc.

## OPINION

BOSSON, Justice.

{1} Joanna V. (Child) sought to set aside a plea based on her claim of ineffective assistance of counsel. Child claims her defense counsel was ineffective due to an irreconcilable conflict of interest that arose when one attorney served as both her Guardian ad Litem (GAL), during abuse and neglect proceedings, and then as her defense attorney during delinquency proceedings. Although this dual relationship had the potential to become an actual, active conflict of interest, one which merited careful judicial scrutiny, we conclude that the record in this case does not demonstrate an actual conflict. Therefore, with some differences noted in the course of this opinion, we agree with the Court of Appeals in its decision to affirm.

## BACKGROUND

{2} In August 2000, the Children, Youth and Families Department (CYFD) initiated abuse and neglect proceedings against Child's mother. Fourteen years old at the time, Child was eventually placed in the custody of the State. An attorney was appointed to serve as Child's GAL during the proceedings.

{3} In May 2001, Child was involved in a fight at school and was charged with one count of disorderly conduct contrary to NMSA 1978, § 30–20–1(A) (1967). After

Child pleaded not guilty, the State amended the charge to one count of public affray contrary to NMSA 1978, § 30–20–2 (1963), to which Child pleaded guilty during delinquency proceedings. Child was given two years probation with a condition that she successfully complete the children's court's "Grade Court" program.[1] At each of the delinquency proceedings, Child was represented by the same attorney who was also her GAL in the abuse and neglect proceedings. Throughout the delinquency proceedings, Child remained a ward of the State.

{4} From October through December 2001, Child was detained at various times due to violations of her probation and infractions of Grade Court rules. The State petitioned to revoke Child's probation on December 19, 2001. The children's court appointed a new attorney, a public defender, to serve as Child's defense counsel and ultimately revoked Child's probation. On January 3, 2002, the public defender filed a motion to withdraw Child's earlier plea agreement to the charge of public affray. In her motion, Child protested that she had received ineffective assistance of counsel during her plea negotiation because her former defense attorney was also her GAL, placing the attorney in an irreconcilable conflict of interest. After the motion was denied, Child timely appealed, raising her attorney's conflict of interest as evidence of ineffective assistance of counsel.

## DISCUSSION

### Conflict of Interest Resulting in Ineffective Assistance of Counsel

{5} Attorneys have a duty of loyalty to their clients, and must avoid conflicts of interest. "The right to effective assistance of counsel free from conflicts of interest is guaranteed by the Sixth Amendment to the United States Constitution." *State v. Sosa*, 1997–NMSC–032, ¶ 20, 123 N.M. 564, 943 P.2d 1017; *see also Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When an attorney's loyalty has been compromised by an actual conflict of interest, "[p]rejudice is presumed." *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052; *accord State v. Martinez*, 2001–NMCA–059, ¶ 24, 130 N.M.

744, 31 P.3d 1018. "However, to invoke such a presumption of prejudice, there must be an actual, active conflict that adversely affects counsel's trial performance; the mere possibility of a conflict is insufficient." *Martinez*, 2001–NMCA–059, ¶ 24, 130 N.M. 744, 31 P.3d 1018; *accord State ex rel. Children, Youth & Families Dep't v. Tammy S.*, 1999–NMCA–009, ¶ 20, 126 N.M. 664, 974 P.2d 158 (1998) (remanding for an evidentiary hearing to determine actual conflict and resulting prejudice as grounds for a claim of ineffective assistance of counsel). The Rules of Professional Conduct, Rule 16–107(A) NMRA 2004, describes the prohibition against representing a client when the representation will be adverse to another client, and requires lawyers to explain the conflict to the clients and obtain consent after the consultation in order to continue the common representation. *See In re Sheehan*, 2001–NMSC–020, ¶¶ 11–13, 130 N.M. 485, 27 P.3d 972 (per curiam).

{6} Our Court of Appeals identified two potential categories of conflicts in *Martinez*. The first, and most common, category of conflict-of-interest cases occurs when counsel represents two clients with divergent interests in the same matter. A second category of conflicts "may arise when the interests of the client and the attorney diverge." *Id.* ¶ 25. If counsel's duty of undivided loyalty is in any way compromised, such as by personal interests or by loyalties to another party, counsel must avoid representing the client.

### What Kind of Conflict did Child Demonstrate?

{7} In evaluating whether a conflict of interest rendered Child's first defense counsel ineffective, the Court of Appeals reviewed the relevant statutes and concluded that "we find nothing in the statutes relied on by [Child] that prohibits an attorney from acting as a GAL during abuse and neglect proceedings and also serving as the child's defense attorney in delinquency proceedings." *State v. Joanna V.*, 2003–NMCA–100, ¶ 15, 134 N.M. 232, 75 P.3d 832; *see also* NMSA 1978, § 32A–2–14 (1993) (setting forth the basic rights of a child alleged to be delinquent).

---

1. The legality of the Grade Court program is not before us in this certiorari proceeding.

The Court also observed that the attorney entered her appearance in the delinquency proceedings as Child's defense counsel, not as GAL. The Court concluded that Child was represented by conflict-free counsel during the delinquency proceedings, even though the record is ambiguous as to when the attorney stopped serving as GAL. *Joanna V.,* 2003–NMCA–100, ¶ 13, 134 N.M. 232, 75 P.3d 832. Although we do not agree with all of the Court of Appeals' analysis, we concur nonetheless in its determination that Child failed to demonstrate on the record an actual conflict of interest.

{8} Child made the motion to withdraw her plea. Child alleged ineffective assistance of counsel due to a conflict. Child had the burden of production with respect to some evidence from which the court could assess the nature of the attorney's relationship with Child and determine the degree of conflict and resulting prejudice, including Child's awareness and consent to the relationship. Regrettably, at the hearing on her motion Child chose to remain mute. She offered no evidence. Enlightening testimony could have come from the Child's attorney or from the Child herself, yet neither was called as a witness. For example, the attorney might have admitted to some confusion about her dual roles. Child might have testified that she never wanted to plead guilty but was confused by her attorney's dual roles. Any number of hypothetical possibilities arise, but without a record we are left with mere conjecture. Instead, Child's legal arguments merely assumed the presence of a conflict and its consequences without demonstrating either on the record.

{9} In the absence of a record, we cannot indulge in speculation and surmise. Instead, we rely on what the record does show: that the plea was entered lawfully and the attorney was abiding by Child's wishes during the delinquency proceedings. The children's court judge questioned Child extensively about her plea, first asking if she intended to plead guilty. The court advised her of the punitive consequences, the rights she was waiving, and that she would be required to recount her participation in the offense. The court also ascertained the basis for the guilty

plea from the attorney, and again questioned Child to ensure that she was fully informed by the attorney, and was acting without any undue influence. Child proceeded to describe the incident that led to the charges. The record before us contains nothing to contradict Child's version of the events as recounted to the court, or call into question the voluntary nature of her plea.

{10} On this record, we have no basis to reverse Child's plea or the resulting judgment of the Children's Court. However, given the gravity of the potential conflict when a GAL in abuse and neglect proceedings also serves as defense counsel in delinquency proceedings, we feel compelled to expand upon the Court of Appeals discussion of the issue. Accordingly, we explore further the pitfalls presented when one attorney assumes the duties of both relationships.

### Respective Roles of Guardian Ad Litem and Defense Counsel

{11} The Children's Code requires a GAL to "zealously represent the child's best interests with respect to matters arising pursuant to the provisions of the Children's Code." NMSA 1978, § 32A–1–7(A) (1995). Subsection D directs the GAL to advance the child's position to the court "when reasonable and appropriate," even if the child's position conflicts with what the GAL thinks should be done. This dual role requires the GAL to consider the child's viewpoint as well as the child's best interest, but "[t]he [GAL] is required to advocate the child's expressed position only to the extent that the child's desires are, in the [GAL's] professional opinion, in the child's best interests." *In re Esperanza M.,* 1998–NMCA–039, ¶ 36, 124 N.M. 735, 955 P.2d 204. The focus of the GAL's responsibilities is on representing the best interests of the child to the court. *See In re Candice Y.,* 2000–NMCA–035, ¶ 30, 128 N.M. 813, 999 P.2d 1045.

{12} In contrast, defense counsel's role in a delinquency proceeding is to advocate zealously for the client's position. Although counsel may advise the client on counsel's view of the client's best interests, counsel is ultimately required to advance the client's expressed wishes. The difference between

the roles of GAL and defense counsel is described in the committee commentary to Children's Court Rule 10–108 NMRA 2004.

The major difference between the role of the guardian ad litem in a neglect or abuse case and the role of the accused's attorney in a delinquency or need of supervision proceeding is that in the former, the guardian ad litem does what he considers to be in the best interests of the child, while in the latter the attorney, although he may advise differently, follows the instructions of his client, even though he may not consider those instructions to be in the client's best interests. The guardian ad litem has much greater freedom.

*Accord Esperanza M.*, 1998–NMCA–039, ¶ 36, 124 N.M. 735, 955 P.2d 204.

{13} Given the natural tension between the roles of GAL and defense counsel, there is a heightened potential that an attorney may become compromised by attempting to do both. The role of GAL requires the attorney to assume an objective posture in evaluating the child's circumstances, and to identify and strenuously advocate for what the GAL concludes are the best interests of the child. When acting as a defense attorney, however, counsel must adopt the child's viewpoint and zealously represent the wishes of the child, whether or not counsel necessarily agrees that those wishes represent the child's best interests. The potential conflict which may arise when the two roles are performed simultaneously can be particularly deleterious to children. Given the necessity of appointing a GAL, the child likely has no other responsible parental figure on whom the child can rely for advice during delinquency proceedings. A child will not likely be able to distinguish, on her own, whether the attorney is acting as her GAL or her defense counsel at any given moment.

{14} We are also impressed by the arguments of Advocacy Inc., amicus curiae in this case. In its brief, Advocacy Inc. emphasizes the conflict between the roles of guardian ad litem and defense counsel, and describes the potential harm to the child when one attorney fulfills both roles. Because of the GAL's history with the child, the GAL may be in a unique position to advocate for the child in a delinquency proceeding. The GAL provides a voice that may be pivotal to the disposition of a child charged with delinquency. It is a voice that is sometimes best heard on the witness stand testifying on behalf of the child instead of being confined to legal argument and the role of an attorney. *See* Rule 16–307(A) NMRA 2004 (prohibiting an attorney, except in certain limited circumstances, from acting as an advocate in a trial in which the attorney is likely to be a necessary witness).

{15} As amicus notes,

Indeed, if the child is in foster care and therefore has a GAL, that attorney may be the professional with the longest term, ongoing involvement with the child over time and hence the one with the most in-depth, pertinent information about the child's experiences that may have a bearing on issues at disposition. . . .

{16} In most cases, the roles are best left separate absent compelling circumstances. Even when an attorney tries conscientiously to educate the child and obtain an informed consent, that may only aggravate the situation. We are dealing, after all, with children, potentially of a very minor age, who we cannot expect to appreciate the subtle shades and nuances of our law that surface when an attorney changes roles. In the eyes of a child, it is not difficult for the duties of an attorney under one relationship to become blurred with the duties of an advocate under another, different relationship.

{17} Notwithstanding our concerns, because the conflict in a case of common representation is potential, not inherent, Child in the case before us had the burden to demonstrate prejudice sufficient to warrant a finding of ineffective assistance of counsel. As previously determined, Child did not show that her attorney's representation was compromised by an actual, active conflict of interest. It follows that Child did not lay a sufficient foundation for her claim of ineffective assistance of counsel, and the children's court properly denied her motion to withdraw her plea.

**CONCLUSION**

{18} We affirm the judgment of the Children's Court.

{19} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and EDWARD L. CHÁVEZ, Justices.