This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 33,581**

**JERRY B. TRUJILLO, SR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, LLC
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant Jerry B. Trujillo, Sr. appeals his convictions for three counts of criminal sexual contact of a minor (CSCM), one count of bribery of a witness, and one

count of child abuse. In this Court's notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue 1**

{2}     In his memorandum in opposition, Defendant maintains that the district court erred in denying his motion to excuse a potential juror for cause. [MIO 10-12; DS 4, 10] He claims that the potential juror could not be fair and impartial because her older sister was sexually abused and the sexual abuse caused "over twenty years of family turmoil." [MIO 2] According to Defendant, the potential juror stated, "Hopefully I can honestly say I would try to be as fair and impartial as I could, but it would be a hard thing for me." [MIO 2] While we agree with Defendant that he was entitled to an impartial jury, Defendant has not met his burden of proving juror bias. *See State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (stating that "[t]he challenging party bears the burden of proving juror bias").

{3}     In *Johnson*, our Supreme Court held that the district court did not abuse its discretion in failing to strike Jurors 28 and 35 for cause in a murder trial. *Id.* ¶¶ 30-32. In that case, Juror 28 indicated that his cousin was murdered, and he did not believe the perpetrator's sentence was sufficient; nevertheless, "Juror 28 indicated that he

would follow the law as stated by the judge and be fair in his determination of guilt, though it would be difficult for him to ignore the victims' families' feelings." *Id.* ¶ 30. Similarly, Juror 35 indicated that her friend was murdered nine years earlier, the feelings that arose after her friend's murder would be "rekindled" during the trial, but "those feelings would not cause her to be unfair to either side." *Id.* Our Supreme Court determined that the district court did not err in denying the defendant's attempts to strike Jurors 28 and 35 for cause because both jurors " indicated that they would be able to be fair and follow the instructions of the judge." *Id.* ¶ 32.

{4}     In the present case, although the potential juror indicated that it would be hard, she said she would be fair and impartial. We will not second-guess the district court's judgment or presume prejudice. Therefore, we hold that the district court did not abuse its discretion in denying Defendant's motion to excuse the potential juror for cause. *See id.* ("As we will not presume prejudice and [the d]efendant has failed to show prejudice, we hold that the district court did not abuse its discretion in failing to strike the jurors for cause.").

**Issue 2**

{5}     In his memorandum in opposition, Defendant continues to argue that the district court erred in denying his motion for a directed verdict with respect to the charges for which he was convicted. [MIO 12-15; 10-11; RP 241-47]

**{6}** In our calendar notice, we viewed the evidence in light of the jury instructions submitted during the trial, and we proposed to hold that there was sufficient evidence to establish three counts of CSCM, one count of bribery of a witness, and one count of child abuse. [CN 3-8] *See State v. Coleman*, 2011-NMCA-087, ¶ 19, 150 N.M. 622, 264 P.3d 523 ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." (internal quotation marks and citation omitted)). Defendant's memorandum in opposition fails to point out errors in our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}** Instead, Defendant asserts that there was "conflicting testimony to establish [his] intent to commit [CSCM]." [MIO 14] We will not reweigh the evidence on appeal. *See Coleman*, 2011-NMCA-087, ¶ 19 ("We do not weigh evidence or substitute our judgment for that of the trial court so long as the jury was presented with such relevant evidence as a reasonable mind might accept as adequate to support its verdict." (alteration, internal quotation marks, and citation omitted)).

**{8}** Regarding the bribery charge, Defendant argues that there was conflicting evidence as to whether he intimidated Child to keep her from reporting the CSCM. [MIO 14-15] "Contrary evidence supporting acquittal does not provide a basis for

4

reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{9}** With respect to child abuse, Defendant claims that he did not endanger or harm Child. [MIO 15] As we stated in our calendar notice, as a result of Defendant's sexual advances, Child left her grandparents' house, in which she had food, clothes, and housing; she was depressed; and she cut herself. [CN 7-8] This evidence was sufficient to establish the elements of child abuse. *See State v. Trujillo*, 2002-NMCA-100, ¶ 20, 132 N.M. 649, 53 P.3d 909 (recognizing that the risk of emotional harm may be sufficient to support a child abuse conviction based on endangerment). Defendant does not argue that our proposed disposition is incorrect. Rather, Defendant states that he argued below that the count of child abuse merges with the counts of CSCM. [MIO 15] According to Defendant, the State argued that the child abuse occurred when Defendant told Child that he was going to have sex with her, which caused her mental anguish. [MIO 15]

**{10}** Child testified that when Defendant was drunk, "he would say nasty things to her and tell her he wanted to have sex with her[;]" when she was approximately fourteen years of age, she was sick and Defendant rubbed Vicks on her back, then rubbed her breasts, and she cried until he stopped; on another occasion, Defendant "touched her vagina and made advances towards her[;]" and on a separate occasion, Defendant touched Child's buttocks in the hallway. [MIO 3-4; CN 6] There was also

evidence that Defendant "stuck his tongue out at [Child] and rolled it and said he wanted to get some from her." [MIO 4]

{11} The bases of the State's charges of CSCM were Defendant's acts of rubbing Child's breasts, touching her vagina, and touching her buttocks. The bases of the child abuse charge were Defendant telling Child nasty things, sticking his tongue out, and making inappropriate sexual innuendos, along with Child leaving her grandparents' house, Child's depression, and Child cutting herself. We hold there was sufficient evidence to establish the elements of child abuse.

**Issue 3**

{12} In his docketing statement, Defendant alleged four claims of ineffective assistance of counsel. [DS 4, 7-8, 11] We addressed each of these claims in our proposed disposition. [CN 8-12] Defendant's memorandum in opposition addresses only the dual representation issue. [MIO 15-17] Therefore, the remaining three issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{13} With respect to the dual representation argument, Defendant maintains that he had ineffective assistance of counsel because counsel represented both Defendant his wife who was a co-defendant in this case. [MIO 15-17] Defendant asserts that

6

counsel's loyalty was compromised by his dual representation because instead of "directly attacking co-[d]efendant as the culpable party in his argument for directed verdict and in closing argument, counsel made a minimal showing of [co-defendant's] culpability." [MIO 17] *See State v. Joanna V.*, 2004-NMSC-024, ¶ 6, 136 N.M. 40, 94 P.3d 783 (stating that if counsel's loyalty is compromised, counsel should not represent the client).

**{14}** We addressed Defendant's dual representation argument, generally, in the calendar notice. [CN 8-10] Considering the new facts asserted in the memorandum in opposition, we conclude that the facts currently before this Court are not sufficient to establish a prima facie claim of ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."). Accordingly, Defendant's claim would be more properly pursued in a habeas corpus proceeding.

**{15}** For the reasons stated in this Opinion and in this Court's notice of proposed summary disposition, we affirm.

**{16}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**