This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-39675

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

      Petitioner-Appellee,

v.

**JACLEEN H.,**

      Respondent-Appellant,

and

**QUENTIN C.**

      Respondent,

**IN THE MATTER OF ARAYAH H.**
**and SAVANNAH H.**

      Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Grace B. Duran, District Judge**

Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Respondent (Mother) appeals the district court's order terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition to our proposed summary disposition, which includes a motion to amend the docketing statement. Having duly considered Mother's arguments, we remain unpersuaded that she has demonstrated error. We therefore deny Mother's motion to amend the docketing statement and affirm the ruling of the district court.

**{2}**     In her memorandum in opposition, Mother continues to assert that the evidence was insufficient to support termination of her parental rights. [MIO 2-6] However, Mother has not presented any facts, authority, or argument in her memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     Mother additionally seeks to amend the docketing statement to add the following related issues: (1) Mother's plea at the adjudicatory hearing was not voluntary; and (2) Mother received ineffective assistance of counsel. [MIO 6-9] Mother asks that we remand "for an evidentiary hearing on the issue [of] whether she received ineffective assistance of counsel for purposes of her plea, and is therefore entitled to withdraw her plea." [MIO 9] An evidentiary hearing is appropriate "when the record establishes a prima facie case of ineffective assistance of counsel." *State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 26, 126 N.M. 664, 974 P.2d 158. A prima facie case of ineffective assistance of counsel "occurs when (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *Id.* (internal quotation marks and citation omitted); *cf. State v. Guerra*, 2012-NMSC-027, ¶ 23, 284 P.3d 1076 ("Failure to prove either [that counsel's performance was deficient or that the deficient performance was prejudicial] defeats a claim of ineffective assistance of counsel." (internal quotation marks and citation omitted)). "Alternatively, this Court has utilized the standard that remand for an

evidentiary hearing is required where a substantial question is raised concerning issues not adjudicated at the termination hearing." *Tammy S.*, 1999-NMCA-009, ¶ 26.

**{4}** In the present case, we conclude the record does not demonstrate that the actions of counsel—either in counseling the plea or in failing to file a motion to withdraw the plea—were deficient or prejudicial to Mother. *See State ex rel. Child., Youth & Fams. Dep't v. David F., Sr.*, 1996-NMCA-018, ¶ 20, 121 N.M. 341, 911 P.2d 235 ("A remand for an evidentiary hearing is required only when the existing record on appeal makes out a prima facie case of ineffective assistance of counsel."). Although Mother asserts she made it known to her attorney that she wanted to fight the adjudication [MIO 6], she has not explained the basis for trial counsel's decision not to pursue such a course of action. In the absence of "prima facie evidence [of ineffective assistance of counsel], the Court presumes that . . . counsel's performance fell within the range of reasonable representation." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517. We also note that, although Mother now suggests her plea was not voluntary, this claim is not supported by the record. Rather, the record indicates that Mother understood she had a right to deny the allegations and that her plea was made voluntarily. [1 RP 54-55] *Cf. State v. Joanna V.*, 2004-NMSC-024, ¶ 9, 136 N.M. 40, 94 P.3d 783 (providing that, "[i]n the absence of a record, we cannot indulge in speculation and surmise" but "we rely on what the record does show" and noting that the record in contained nothing to "call into question the voluntary nature of [the] plea").

**{5}** In addition, to show prejudice resulting from counsel's alleged ineffective assistance, "there must have been a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lukens v. Franco*, 2019-NMSC-002, ¶ 17, 433 P.3d 288 (internal quotation marks and citation omitted). Even if Mother had not pled, or had withdrawn her plea, the allegations were sufficient to support a finding of neglect. Notably, Mother's claims that she had an allergic reaction to alcohol and that Children's positive drug tests were for negligible amounts [MIO 6] do not address the allegation that Mother was found unresponsive with a methamphetamine pipe in her possession nor Mother's apparent admission to drug use as well as drinking and driving with Children in the vehicle [1 RP 7-8]. We also note that the district court, when issuing its adjudicatory order, found that Mother continued to actively use illicit substances on a consistent basis and that due to the substance use, there was an ongoing concern of Mother's ability to meet Children's needs and provide adequate supervision. [1 RP 55 FOF 8, 1 RP 78]

**{6}** For the foregoing reasons, we conclude Mother has not made a prima facie showing that counsel was ineffective, nor demonstrated that her plea was involuntary. *Cf. State v. Joanna V.*, 2003-NMCA-100, ¶ 11, 134 N.M. 232, 75 P.3d 832 ("Where the defendant enters a plea upon her attorney's advice, the voluntariness and intelligence of the plea generally depends on whether she received ineffective assistance of counsel."), *aff'd*, 2004-NMSC-024. Mother has also failed to adequately develop an argument that a substantial question is raised concerning issues not adjudicated at the termination hearing, so she has, likewise, failed to meet the alternative standard. *See Tammy S.*, 1999-NMCA-009, ¶ 26; *see also State ex rel. Child., Youth & Fams. Dep't v.*

*David F., Sr.*, 1996-NMCA-018, ¶ 21, 121 N.M. 341, 911 P.2d 235 ("[A]n appellate court should remand for an evidentiary hearing only where the complaining parent raises a *substantial* question concerning issues other than those adjudicated at the termination proceeding. In order to raise a substantial question, a parent has the burden of making specific allegations, including the name of the witness and substance of the testimony and how that testimony would show that counsel was ineffective." (internal quotation marks and citations omitted)). We therefore deny Mother's motion to amend the docketing statement. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{7}     Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**