This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40794**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER WASHINGTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     Defendant appeals from the district court's judgment and sentence, convicting him of seventh offense DWI, following a jury trial, and driving on a revoked license, pursuant to a plea agreement. The district court sentenced him to three years in prison for his seventh offense DWI conviction and 364 days for driving on a revoked license to be served concurrently with the DWI conviction. [RP 209-211] On appeal, Defendant contends that his three-year sentence denied him due process and subjected him to cruel and unusual punishment. [BIC 3-7] Defendant acknowledges that his sentence is authorized by statute. [BIC 4] *See* NMSA 1978, § 66-8-102(J) (2016) ("Upon a seventh conviction pursuant to this section, an offender is guilty of a third degree felony and . . . shall be sentenced to a term of imprisonment of three years, two years of which shall not be suspended, deferred or taken under advisement."). Nevertheless, he argues that the district court should have exercised its discretion to impose the two-year mandatory minimum, permitted by Section 66-8-102(J) [BIC 4], because the three-year sentence is unconstitutionally cruel and unusual given the following: Defendant acknowledged his problem with alcohol and need for treatment; his former probation and parole officer attested to his successful completion of probation and parole; he had been sober for two years at the time of sentencing; and he had steady employment and a family that needed his support [BIC 6].

**{3}**     There is no indication that Defendant moved for a reduction in sentence or preserved the claim that his sentence amounts to unconstitutionally cruel and unusual punishment, and Defendant appears to acknowledge that he did not preserve these matters. [BIC 5] He asserts that an unconstitutional sentence is an illegal sentence that may be challenged for the first time on appeal. [BIC 5] We disagree. Our Supreme Court has held that where a sentence is authorized by statute, a cruel and unusual punishment claim "does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (citing *State v. Trujillo*, 2002-NMSC-005, ¶ 64 n.4, 131 N.M. 709, 42 P.3d 814).

**{4}**     While we may exercise discretion to review unpreserved issues if they involve general public interest, fundamental error, or fundamental rights, *see* Rule 12-321(B) NMRA, we generally do not do so when these exceptions are not raised on appeal. *See State v. Joanna V.*, 2003-NMCA-100, ¶ 10, 134 N.M. 232, 75 P.3d 832, *aff'd*, 2004-NMSC-024, 136 N.M. 40, 94 P.3d 783 (declining to review an issue on appeal where the issue was not preserved below and where counsel failed to argue any exception regarding the general public interest, fundamental error, or fundamental rights). Defendant has not specifically asked us to review his sentence under these exceptions and, under our precedent, we may decline to do so. *See id.*; *see also State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (declining to review a party's unpreserved argument when counsel made no argument on appeal regarding the exceptions to the preservation requirement).

**{5}**     However, even engaging in such review, we see no applicable exception to the preservation requirement. As this Court has stated, "[t]he opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no

entitlement derived from any qualities of the defendant." *State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429. In other words, Defendant does not have a right to a mitigated sentence, let alone a fundamental right. *See id.* ("[A d]efendant is entitled to no more than a sentence prescribed by law."). Additionally, our case law provides that, generally, "a statutorily lawful sentence does not constitute cruel and unusual punishment." *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313. "Length of sentence is purely a matter of legislative prerogative, unless the statutory sentence is disproportionate to the criminal offense involved." *Id.* Here, Defendant explains that he does not contend his sentence is disproportionate to seventh DWI conviction. [BIC 6] Defendant also does not demonstrate the presence of exceptional circumstances resulting from his sentence that would shock the conscience or violate principles of fundamental fairness. *See State v. Suskiewich*, 2016-NMCA-004, ¶ 35, 363 P.3d 1247 (stating the standard for fundamental error in the context of a cruel and unusual punishment claim as error that "must shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked" (internal quotation marks and citation omitted)); *cf. State v. Ira*, 2002-NMCA-037, ¶ 18, 132 N.M. 8, 43 P.3d 359 (stating a similar standard for review of a preserved claim of cruel and unusual punishment). For these reasons, we see no fundamental error.

**{6}**     To the extent Defendant argues the district court abused its discretion in its sentencing decision in a manner that may have been preserved, we are not persuaded. We have consistently held that "there is no abuse of discretion if the sentence imposed is authorized by law." *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438. Because Defendant received a sentence authorized by law in this case, there is no abuse of discretion.

**{7}**     Based on the foregoing, we affirm the district court's judgment and sentence.

**{8}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**