This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40565**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**YURIDIA RODRIGUEZ a/k/a JUDY RODRIGUEZ a/k/a YURIDIA RODRIGUEZ-RUIZ a/k/a YORIDIA RODRIGUEZ a/k/a YURIDIA RUIZ RODRIGUEZ a/k/a YURIDIA RAMIREZ a/k/a YURIDIA R. RODRIGUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     The State appeals from an order of the district court revoking and reinstating Defendant Yurida Rodriguez's probation. The State argues that the district court violated NMSA 1978, Section 31-20-5(B)(2) (2003), when it awarded credit toward completion of Defendant's probation for time Defendant spent in custody as a sanction for a parole violation. Because the State failed to preserve this issue, or indeed any issue concerning the length of Defendant's remaining probation, and failed to provide this Court with the record necessary for review of this issue, we affirm.

## BACKGROUND

**{2}**     At a May 26, 2022, probation revocation hearing in the district court, Defendant admitted to a probation violation. The district court accepted the admission and entered an order stating that the case would proceed to sentencing. A few days later, the prosecutor of record in the case filed a request for a presentment hearing. The request for a presentment hearing informs the district court and the parties that an "[i]ssue regarding probation credit while serving parole violation sanction" needs to be heard. The district court noticed the presentment hearing for June 23, 2022.

**{3}**     At the outset of the hearing, the district court stated that it had reviewed the State's proposed order revoking probation. The district court told the parties that it also had reviewed a "lengthy response, point-by-point response, to the order" that was emailed by defense counsel. The court then asked the State if they had received a copy of this email. The prosecutor representing the State at the hearing replied: "This prosecutor, is unaware, your Honor, because I'm just filling in. But I'm sure [defense counsel] probably sent it to [the prosecutor of record]."

**{4}**     The court then proceeded to rule that "this defendant gets credit that was denied her in the [proposed] order revoking probation so make sure you excise from this [proposed] order, what where it's stated she did not get credit for that time." The district court then asked the State to draft the order and submit it to the court for signature. The final order revoking probation, imposing judgment, and partially suspending sentence was submitted to the district court later that day by the prosecutor who had appeared at the hearing, with her signature noting the State's approval. The defense noted its approval as well and the district court entered the order on June 23, 2022.

**{5}**     The district court's June 23, 2022, order revoking probation, imposing judgment, and partially suspending sentence, explains the court's decision to grant the probation credit at issue on appeal as follows:

> The issue before the [c]ourt was the State not having included as probation credit the time . . .  Defendant was in custody serving a parole violation sanction, and . . . Defendant's objection to said exclusion. The [c]ourt agreed with . . . Defendant's position that the [c]ourt could not order the exclusion after the fact and that it constituted an increase in sentence. The [c]ourt, therefore, FINDS that . . . Defendant shall be given probation

credit for the time . . . Defendant was serving her parole violation sanction in the custody of the New Mexico Corrections Department.

**{6}** The State appealed. We note that the record on appeal does not include (1) the State's proposed order to revoke probation that was the subject of the June 23, 2022, presentment hearing; or (2) the defense's point-by-point response objecting to the exclusion of the time Defendant was in custody for a parole violation from the period of probation remaining to be served.

## DISCUSSION

### I.    Lack of Preservation

**{7}** The State acknowledges that it failed to make any argument at the presentation hearing on the question noticed for hearing: whether Defendant was entitled to probation credit for the time she was in custody serving a parole violation sanction. This is, of course, the question the State now raises on appeal. The State argues that its failure to preserve should be excused under the exception, which allows this Court to review an unpreserved issue when a party had no opportunity to object to the district court's ruling at the time the ruling was made. *See* Rule 12-321(A) NMRA ("If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party."). The State claims that the procedure followed by the district court in proceeding to rule after the prosecutor told the court she had not seen the defense's argument deprived the State of any opportunity to object or to address the court's ruling that Defendant was entitled to credit towards her probation for time served in custody on a parole violation. We disagree that an exception to preservation applies and explain.

**{8}** The record shows that the State filed a request for a presentment hearing to address the very issue the prosecution now claims it was precluded from addressing. The State cannot, therefore, claim that it was not on notice weeks before the presentment hearing of the issue to be heard. Further, at the hearing, the prosecutor did not claim that the defense had failed to serve the State with its argument on the probation credit issue. In fact, the prosecutor acknowledged that the State had almost certainly been properly served. The State also does not claim on appeal that it was not properly served. The State has cited no authority for the proposition that substitute counsel is excused from preparation for a hearing, or excused from consulting with counsel of record to obtain any pleadings relevant to the hearing. We are aware of no authority that supports this proposition and assume that none exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482.

**{9}** The State also fails to present any argument as to why its counsel could not have objected to the district court's ruling and asked for reconsideration after having prepared the proposed order. State's counsel instead noted the State's approval of the order.

**{10}** Thus, the circumstances here, do not support the State's argument that it had no opportunity to object to the sentencing decision made by the district court. *Cf. State v. Jimenez*, 2004-NMSC-012, ¶¶ 10-11, 135 N.M. 442, 90 P.3d 461 (holding that the defense had no opportunity to object and could raise the issue for the first time on appeal, where there was no notice of the issue that would be considered prior to the hearing, the issue was not raised at the hearing and appeared only in the final order entered by the district court).

**{11}** Moreover, this is a case where the failure to preserve the question raised on appeal has made our review difficult, if not impossible. Our preservation rule serves many purposes: "it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair opportunity to show why the court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Joanna V.*, 2003-NMCA-100, ¶ 7, 134 N.M. 232, 75 P.3d 832, *aff'd*, 2004-NMSC-024, ¶ 7, 136 N.M. 40, 94 P.3d 783. The record in this case is inadequate.

**{12}** In addition to not preserving the issue it raises on appeal in the district court, the State also has not provided this Court with an adequate record for review. The State, as the appellant, has the obligation to present an adequate record on appeal. *See Dillard v. Dillard*, 1986-NMCA-088, ¶ 6, 104 N.M. 763, 727 P.2d 71 ("It is quite clear that it is [an appellant]'s duty to see that the record necessary to review alleged errors is before th[is C]ourt."); *see also Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 9, 111 N.M. 417, 806 P.2d 66 ("An appellant has the duty of providing an adequate record sufficient to review the issues raised on appeal."). In failing to include in the record on appeal the proposed order that was the subject of the presentment hearing, or to provide the written, point-by-point argument made by defense counsel and relied on by the district court at the presentment hearing, we are left only with the district court's written judgment to review and the argument of counsel for the State in its briefing on appeal.

## CONCLUSION

**{13}** Because the State has failed to preserve its challenge to the ruling of the district court and has not provided this Court a record on appeal that allows review of the district court's decision on its merits, we apply our presumption of correctness and affirm. *See Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176 ("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**{14}** IT IS SO ORDERED.

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**