This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41015**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ORACIO ORNELAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Solicitor General
Albuquerque, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This second appeal is brought by Defendant Oracio Ornelas, this time appealing his conviction under NMSA 1978, Section 30-7-16(A)(1) (2020, amended 2022). Defendant contends only that Section 30-7-16(A)(1) is unconstitutional because it prohibits nonviolent felons from possessing firearms and therefore violates the Second Amendment. Because Defendant did not preserve the issue and the record does not otherwise support Defendant's contentions, we affirm.

**BACKGROUND**

**{2}**    Defendant was charged with felon in possession of a firearm in violation of Section 30-7-16(A)(1) after shooting a man in the chest at a gas station in Portales, New Mexico, as well as aggravated battery (deadly weapon) in violation of NMSA 1978, Section 30-3-5(A) (1969). The State filed a supplemental criminal information asserting Defendant's habitual offender status, relying on Defendant's previous conviction for aggravated fleeing from a law enforcement officer. A jury convicted Defendant of both charges and his sentence for each conviction was enhanced by four years due to Defendant's habitual offender status. Defendant initially appealed, asserting a double jeopardy violation, stating in relevant part that his sentence to habitual time on the felon in possession charge violated double jeopardy because the felon in possession charge relied on the same prior convictions used to enhance his sentence. This Court agreed in part, and remanded Defendant's case for resentencing. *See State v. Ornelas*, A-1-CA-40021, mem. op. (N.M. Ct. App. July 21, 2022) (nonprecedential). Defendant was later resentenced and this second appeal immediately followed.

**DISCUSSION**

**I.    Defendant Failed to Preserve or Otherwise Create a Record to Support the Constitutional Argument**

**{3}**    Defendant argues that the statute criminalizing the possession of a firearm by a felon is unconstitutional as applied to him under the United States Constitution because, he contends, he is a nonviolent felon. Defendant argues that his previous conviction of aggravated fleeing from a law enforcement officer was a nonviolent act and thus, he is not a violent felon. Defendant concedes that the argument he raises on appeal is not preserved, but asserts that this issue is a jurisdictional question allowed to be raised for the first time on appeal. We are unpersuaded.

**{4}**    "It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806. This principle has a strong tie to preservation requirements. If, for example, an appellant asserts that there is a violation of a state constitutional right that is "parallel or analogous" to its federal counterpart, there are specific preservation requirements. *State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1. The claim may be preserved by the appellant asserting "the constitutional principle that provides the protection sought under the New Mexico Constitution" and showing "the factual basis needed for the trial court to rule on the issue." *Id.* These requirements for preservation are helpful to the court for two reasons: "(1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector." *Id.* ¶ 29. This Court has held that one of the primary reasons an issue must be preserved for appeal is because it "creates a record from which this Court may make informed decisions." *State v. Joanna V.*, 2003-NMCA-100, ¶ 7, 134 N.M. 232, 75 P.3d 832, *aff'd*, 2004-NMSC-024, 136 N.M. 40, 94 P.3d 783.

**{5}** Because Defendant did not preserve this issue in the district court, this Court is left with no record to support his contention that he is a nonviolent felon. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the appellant's] burden to bring up a record sufficient for review of the issues [raised] on appeal."); *see also State v. Romero*, ___-NMCA-___, ¶¶ 16-17, ___ P.3d ___ (A-1-CA-41601, April ___, 2025) (noting that the state bears the initial burden to demonstrate that the challenged statute falls within constitutional guidelines and that the defendant may present evidence to demonstrate that they are not dangerous under the circumstances). This Court has ruled that even in cases with issues that may be raised at any time or for the first time on appeal, we will only address the merits where the record supports the issues that are raised. *See, e.g.*, *State v. Lewis*, 2017-NMCA-056, ¶ 13, 399 P.3d 954 (observing that a double jeopardy challenge need not be preserved and may be raised at any time, however, there must be a factual basis in the record to support the claim); *see also State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (explaining a claim that counsel was ineffective may be raised for the first time on appeal, but it must be shown in the record). The contention that Defendant brings—he is a nonviolent felon and therefore Section 30-7-16(A)(1) is unconstitutional as applied to him—is not supported in any facts within the record. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)); *see also Romero*, ___-NMCA-___, ¶ 15 (rejecting a reading of Section 30-7-16(A) that permits restrictions based on historical categorizations of groups of people—like felons—and adopting instead a principle that permits restricting the possession of firearms if the court finds that the person poses a threat to others).

**{6}** Defendant suggests that we can determine that he is a nonviolent felon from the nature of the prior felony. The State reiterates that Defendant's prior felony conviction that led to the criminalization of his owning or possessing a firearm was for aggravated fleeing of a law enforcement officer, as shown by the supplemental criminal information in the record. In relevant part, aggravated fleeing "consists of a person willfully and carelessly driving [a] vehicle in a manner that endangers the life of another person after being given a visual or audible signal to stop" by law enforcement. NMSA 1978, Section 30-22-1.1 (2003, amended 2023). "When reviewing sufficiency of the evidence in an aggravated fleeing case . . . the focus is on whether a defendant drove so dangerously that he could have hurt someone who could have been in the vicinity of the pursuit." *State v. Vest*, 2021-NMSC-020, ¶ 39, 488 P.3d 626. We cannot accept the notion that Defendant was a nonviolent felon based solely on the statute of a prior conviction because what is in the record before this Court does not support such a conclusion.

**{7}** To reiterate, we do not consider Defendant's constitutional arguments related to his status as a "nonviolent felon" because they are not supported by his contention that this issue is a jurisdictional one allowed to be raised for the first time on appeal. *Cf. State v. McDuffie*, 1987-NMCA-077, ¶¶ 3, 13-14, 106 N.M. 120, 739 P.2d 989 (addressing the defendant's unpreserved constitutional argument that the statute prohibiting him from carrying a concealed weapon violated the equal protection rights of those without a home or vehicle and observing that the defendant was "homeless" and

a "street person" who received mail at a shelter, showing the existence of facts arguing that the defendant was among the protected class asserted). Defendant did not preserve this issue below and it is otherwise unsupported by the record. Thus, we decline to address it.

**CONCLUSION**

**{8}** For the foregoing reasons, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**